UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARLTON XAVIER MATHEWS,

    Plaintiff,

v.	Case No. 5:22-cv-85-TKW/MJF

R. THOMPSON and J. PARKE,

    Defendants.
    _____/

## REPORT AND RECOMMENDATION

Upon review of Plaintiff Carlton Xavier Mathews's third amended complaint, the undersigned recommends that this action be dismissed for maliciousness, under 28 U.S.C. § 1915A(b)(1), for Mathews's abuse of the judicial process in failing to disclose completely and honestly his litigation history.

### I. BACKGROUND

Mathews is an inmate of the Florida Department of Corrections ("FDC"). His inmate number is FDC #J27519. On October 14, 2022, Mathews filed a third amended complaint. Doc. 21. He is suing Defendants R. Thompson and J. Parke, who are correctional officers at the Gulf Correctional Institution. *Id.* at 2-3. Mathews asserts that Defendants violated the Eighth Amendment when the used excessive force in restraining Mathews. *Id.* at 5-10. He requests $100,000 in compensatory damages and $200,000 in punitive damages from each defendant. *Id.* at 11.

## II. DISCUSSION

A.  **Screening of Mathews's Complaint**

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, is malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious" under section 1915A(b)(1). *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915."); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of

a prisoner-plaintiff's case for abuse of the judicial process under section 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**B.**    **Mathews's Disclosures**

Section VIII of the complaint form utilized by Mathews seeks information regarding his prior litigation. Doc. 21 at 12-16. The complaint form states, "***Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***" *Id.* at 12. Question C under Section VIII asks, "Have you filed any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement? If "Yes," identify all lawsuits, petitions and appeals." *Id.* at 14. Mathews answered, "No." *Id.* At the end of the complaint form, Mathews signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and

included on or with this form, including my litigation history, is true and correct." *Id*. at 16-17.

**C.   Mathews's Omissions**

The undersigned takes judicial notice that, when Mathews filed his third amended complaint, he failed to disclose at least two cases relating to the conditions of his confinement:

- *Mathews v. Wheatherbee, et al.*, No. 3:16-cv-579-HES-LLL, Amended Complaint, ECF 21 at 8 (S.D. Fla. May 12, 2017) (alleging, among other things, that he was "brutally attacked" by seven or eight guards while in pretrial detention).

- *Mathews v. Fla. Dep't of Corr., et al.*, No. 4:21-cv-57-TKW/MAF, Second Amended Complaint, ECF 19 (N.D. Fla. July 13, 2021) (alleging, among other things, that medical personnel failed to treat injuries Mathews sustained during an altercation with another inmate).

These cases relate to the conditions of Mathews's confinement and are attributable to him insofar as they bear his FDC number: J27519. Because he failed to disclose these cases in his third amended complaint, Mathews violated his duty of candor to the District Court.

D.     **Materiality of Mathews's Omissions**

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation").

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial

resources and effectively manage their dockets, courts are well within their discretion to require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine their litigation experience and familiarity with the legal terrain.

The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Mathews falsely responded to questions on the complaint form as detailed above.[1] He knew from reading the complaint form that he was required to disclose all prior cases that related to the conditions of his confinement. Doc. 21 at 14. The complaint form expressly warns prisoners: "***Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***" *Id.* at 12. There is no

---

[1] Mathews also falsely responded to the same question in his original complaint and first amended complaint. Doc. 1 at 25-26; Doc. 10 at 20-21.

excuse for Mathews's failure to respond truthfully to the questions on the complaint form. The questions were straightforward and easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions).

To the extent he could not remember fully his litigation history or was unsure whether to disclose the case, Mathews could have indicated that on the complaint form. He did not. Rather, he affirmatively represented that he had not filed a case in state or federal court relating to the conditions of his confinement. Additionally, a claim that Mathews could not remember the above cases would strain credulity. He settled one case *earlier this year*. *Mathews*, No. 3:16-cv-579-HES-LLL, Notice of Settlement, ECF 143 (S.D. Fla. Feb. 3, 2022). In the other case, the most recent activity occurred *less than a year ago*. *Mathews*, No. 4:21-cv-57-TKW/MAF, ECF 30, Order (N.D. Fla. Nov. 22, 2021). Furthermore, Mathews was aware that he should maintain in his property a list of all prior cases. At the initiation of a lawsuit, the clerk of the court sends a notice to *pro se* litigants advising litigants to keep a copy of all filings in their respective cases. *See* Doc. 2.

Accordingly, a penalty is warranted both to deter Mathews from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The

knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

E. **The Appropriate Sanction is Dismissal Without Prejudice**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Mathews's false responses to go unpunished. An appropriate sanction for Mathews's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.[2] *See Rivera*, 144 F.3d at 731; *see also, e.g.*, *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

---

[2] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). The statute of limitations for claims under section 1983 brought in Florida is four years. *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002). The alleged misconduct occurred on March 26, 2022, so the statute of limitations likely would not bar Mathews from refiling this action in the near future.

No lesser sanction would suffice to deter this type of conduct. For example, providing Mathews an opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006). Insofar as Mathews already is incarcerated, a mere admonition or a finding of contempt would not deter Mathews or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Mathews and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for maliciousness and abuse of the judicial process.

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this <u>18th</u> day of October, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**