UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**CARLTON XAVIER MATHEWS,**

    **Plaintiff,**

v.                                             Case No. 5:22-cv-85-TKW-MJF

**R. THOMPSON** and **J. PARKE,**

    **Defendants.**

    _____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation. (Doc. 22) and Plaintiff's objection (Doc 23). The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed as an abuse of process based on Plaintiff's failure to disclose his litigation history.

The Court did not overlook Plaintiff's argument in his objection that he "did not intentionally try to mislead the court" because (1) he was under the impression that he did not need to disclose his litigation history because he paid the filing fee; (2) he was "without the information of prior lawsuits he filed"; and (3) the magistrate judge failed to advise him to disclose his prior lawsuits in the orders requiring him to file amended complaints. None of these points are persuasive.

With respect to the first point, there is nothing on the civil rights complaint form that suggests that a prisoner need not disclose his litigation history if he paid the filing fee, and it is well established that "sanctions can be imposed based on a pro se prisoner's failure to disclose his litigation history, irrespective of whether the prisoner paid the filing fee or is proceeding in forma pauperis" because the disclosure requirement serves more purposes than simply allowing the court to determine whether the Defendant is a "three striker" who is precluded from proceeding in forma pauperis. *Kendrick v. Inch*, 2021 WL 2623215, at *1 (N.D. Fla. June 25, 2021) (citing cases), *aff'd sub nom. Kendrick v. Sec'y, Fla. Dep't of Corr.*, 2022 WL 2388425 (11th Cir. July 1, 2022). Moreover, this claim is undercut by the fact that Plaintiff failed to disclose his litigation history in the most recent case that he filed in this Court even though he did not pay the filing fee in that case. *See Matthews v. Burke*, 2021 WL 4150368 (N.D. Fla. Sept. 13, 2021).

With respect to the second point, the fact that Plaintiff allegedly did not have information about his prior lawsuits is not an excuse for his failure to disclose his litigation history because Plaintiff "has an obligation to maintain information (or at least a list of case numbers) for all of his prior cases, and if he does not have that information, he can (and should) request it from the appropriate clerks' offices before filing a new case." *Bashir v. Meherg*, 2022 WL 4471965, at *1 (N.D. Fla. Sept. 26, 2022) (quoting *Torres v. Geo Grp. Inc.*, 2021 WL 75764, at *1 (N.D. Fla.

Jan. 8, 2021)). Indeed, "it would make a mockery of the litigation history questions and the duty of candor owed to the Court if an inmate could simply blame his failure to truthfully answer those questions on his failing memory and the lack of resources provided by the jail or prison." *Id.*

With respect to the third point, it was not the magistrate judge's responsibility to remind Plaintiff in each deficiency order that he needed to disclose his litigation history because the civil rights complaint form clearly informed Plaintiff of his obligation to do so. Moreover, it is hard to square Plaintiff's claim that he could have easily corrected his failure to disclose his litigation history if the magistrate judge had told him to do so in a deficiency order with Plaintiff's argument that he was "without information of the prior lawsuits he filed."

The Court also did not overlook Plaintiff's argument that he cannot afford to keep paying filing fees because he is indigent and that would be an "injustice" to dismiss this case and let defendants "walk[] away free after depriving a citizen of their [sic] constitutional rights." However, as noted in the Report and Recommendation, the dismissal of this case is "without prejudice" so Plaintiff is free to pursue his claims against the defendants by filing a new lawsuit, Doc. 22 at 8 n.2, and Plaintiff has no one to blame but himself for the fact that he will have to pay another filing fee to do so because he is a "three striker" who is barred from

proceeding in forma pauperis by 28 U.S.C. §1915(g). *See Matthews*, 2021 WL 4150368, at *1.

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation is adopted and incorporated by reference in this Order.

2. This case is **DISMISSED without prejudice** pursuant to 28 U.S.C. §1915A(b)(1) as an abuse of judicial process.

3. The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE and ORDERED** this 10th day of November, 2022.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**